**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BRENN AJ JACOBS,

Plaintiff,

v.

FRANK BISIGNANO,

Acting Commissioner of Social Security,

Defendant.[1]

Case No. 3:24-cv-00436-CLB

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Brenn AJ Jacobs's ("Jacobs") application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. (ECF No. 1-1.) Currently pending before the Court is Jacobs's counsel Marc Kalagian's ("Kalagian")[2] motion for $17,000.00 in fees pursuant to 42 U.S.C. § 406(b).[3] (ECF No. 16.) For the reasons discussed below, Kalagian's motion for attorney fees is granted in part and denied in part.

## I. BACKGROUND

In this case, Jacobs was represented by Kalagian of the Law Offices of Lawrence D. Rohlfing. Jacobs entered into a contingency fee agreement with Kalagian, which entitled Kalagian to an award of fees of up to 25% of any award of benefits received by Jacobs. (ECF No. 16-1.) On November 25, 2024, the Court granted the parties' stipulation for voluntary reversal and remand of this action to an Administrative Law Judge for a new

---

[1] Frank Bisignano became the Acting Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted, therefore, for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Kalagian is the real party in interest as to this motion.

[3] Jacobs did not respond to the motion. The Commissioner filed a response taking no position. (ECF No. 18)

decision. (ECF No. 11.) Thereafter, the parties stipulated that Kalagian receive an award of $1,600.00 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), which the Court granted. (ECF Nos. 14, 15.) Ultimately, the Commissioner awarded Jacobs $80,920.00 in retroactive benefits. (ECF No. 16-3 at 5.) Kalagian has now moved for $17,000.00 in fees pursuant to 42 U.S.C. § 406(b), with a refund to Jacobs in the amount of $1,600.00 for the EAJA fees previously paid. (ECF No. 16.)

## II. LEGAL STANDARD

Pursuant to 46 U.S.C. § 406(b)(1)(A), "[w]hen a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In assessing a fee request made pursuant to § 406(b), courts must first determine whether a fee agreement has been executed between the plaintiff and her attorney and then determine the reasonableness of such agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). Courts must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Id.* at 793. Nonetheless, courts have an "affirmative duty" to ensure that the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). Fees awarded pursuant to § 406(b) are borne by the disabled claimant, not by the Commissioner. *Id.* at 1147. Given that the claimant has been adjudged disabled and must resort to the social safety net, courts look carefully at § 406(b) fee requests to ensure reasonableness. *See Ashing v. Astrue*, 798 F. Supp. 2d 1143, 1147 (C.D. Cal. 2011). Courts must be mindful that the question is whether the amount under the agreement should be reduced, not whether the lodestar should be enhanced. *Crawford*, 586 F.3d at 1147. "A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the

amount of time counsel spent on the case." *Id.* at 1148 (internal quotation and citation omitted).

In light of their independent duty, courts reduce § 406(b) attorney's fees when they would result in a windfall. *See Allan v. Bisignano*, No. 2:22-cv-00300-NJK, 2026 WL 1361585, at *2 (D. Nev. May 14, 2026) (finding $11,524.00 in attorney's fees would result in a windfall, thus reducing the amount in fees awarded to $7,000.00); *see also Dina S. v. Bisignano*, 822 F.Supp.3d 1126, 1133-1134 (D. Nev. 2026) (finding an effective hourly rate of $1,768.00 would result in a windfall and instead reducing the effective hourly rate to $1,200.00). Finally, "[t]he attorney bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148.

## III. ANALYSIS

Kalagian seeks $17,000.00 in attorney's fees amounting to 21% of the total benefit awarded, which would constitute an effective hourly rate of $2,297.00. (ECF No. 16 at 5.) Before determining the reasonableness of the fee sought by Kalagian, the Court begins its analysis by examining the fee agreement in this case. *Gisbrecht*, 535 U.S. at 807. Here, Jacobs and Kalagian entered into a contingency fee agreement. (ECF No. 16-1.) By the terms of that agreement, Jacobs agreed to a fee award of 25% of past due benefits awarded for work performed in court. (*Id.*) Thus, Kalagian seeking fees of 21% is within the terms of that agreement. (*See id.*)

The Court must now assess the reasonableness of the fee agreement and address whether the fee amount should be reduced. *See Crawford*, 586 F.3d at 1148. A fee amount should be reduced when it is found the attorney provided substandard representation, engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* Kalagian argues that a fee award in the amount of $17,000.00 is reasonable because he provided efficient and adequate representation, the risk of nonpayment involved with taking on these kinds of cases, and the fees requested are similar to the hourly fees granted in similar cases. (*See* ECF No. 16.)

The Court finds at the outset that there is no evidence of substandard representation and that good results were obtained for Jacobs. The Court also finds no evidence of dilatory conduct by Kalagian. Thus, the only issue here is whether the amount of attorney's fees requested should be reduced because the benefits are large in comparison to the amount of time Kalagian spent litigating this case. *Crawford*, 586 F.3d at 1148. Kalagian is seeking $17,000.00 in fees based on the expenditure of 7.4 hours. (ECF No. 16 at 5.) Hence, Kalagian is seeking to recover fees at an effective hourly rate of $2,297.00. (*Id.*)

After reviewing the motion, docket, and other filings, the Court finds the award sought is not reasonable and would amount to a windfall. In evaluating whether the amount sought in attorney's fees is reasonable, courts look much more favorably to awarding fees with high effective hourly rates when counsel voluntarily trimmed the § 406(b) fee request to well below the maximum 25%. *See Crawford*, 586 F.3d at 1151-52 (in finding attorneys met their burden of demonstrating reasonableness, the Court emphasized that "counsel voluntarily reduced those fees substantially from the allowable 25%"); *see also, e.g.*, *Baugh v. Astrue*, Case No. 3:08-cv-01237-HU, 2011 WL 4738196, at *7 (D. Or. Sept. 12, 2011), *adopted*, 2011 WL 4738272 (D. Or. Oct. 5, 2011). That is particularly true in the context of cases involving stipulated remands, in which courts frequently balk at attorney requests to be awarded § 406(b) fees at or near the 25% maximum. *See Lane v. Saul*, 831 Fed. Appx. 845, 846 (9th Cir. 2020) (affirming reduction of fee award to 10% of past-due benefits due to the case being stipulated for remand); *see also, e.g.*, *Worden v. Kijakazi*, Case No. 5:20-cv-01874-KES, 2022 WL 2132949, at *3 (C.D. Cal. Mar. 31, 2022) (reducing fee award to 15% of past-due benefits after the case remanded pursuant to a stipulation); *Caldwell v. Comm'r of Soc. Sec.*, Case No. 3:10-cv-06039-ST, 2012 WL 1684606, at *2-3 (D. Or. May 14, 2012) (in case involving stipulated remand after opening brief was filed, court found a voluntary 2% reduction to be "insufficient in light of the number of hours worked and the substantial amount of retroactive benefits" and thus reduced the fee award to 14% of past-due

benefits). Here, given that only 7.4 hours of work was billed and the fee request amounts to 21% of the total past-due benefits, the Court finds the amount requested is unreasonably large in comparison to the time spent litigating the case.

In addition to the high percentage of total past-due benefits sought, the fee award is also unreasonable based on the effective hourly rate of $2,297.00. In the District of Nevada, § 406(b) fee awards for the past twelve months resulted in an average effective hourly rate of $1,232 which is approximately $1,000 less per hour than what Kalagian seeks in this case. *See Allan*, 2026 WL 1361585, at *2 (denying an effective hourly rate of $1,814.80 and instead granting an effective hourly rate of $1,104.00 ($7,000.00 ÷ 6.34 hours)); *Patricia P. v. Kijakazi*, No. 2:22-cv-00870-BNW, 2026 WL 905829, at *2 (D. Nev. Apr. 14, 2026) (finding an effective hourly rate of $1,449.27 to be reasonable despite being on the higher end of awards typically granted); *Dina S.*, 822 F.Supp.3d at 1133-1134 (denying an effective hourly rate of $1,768.00 and instead granting an effective hourly rate of $1,200); *Maria v. Kijakazi*, No. 2:21-cv-01771-MDC, 2026 WL 266892, at *2 (D. Nev. Jan. 07, 2026) (finding an effective hourly rate of $1,800.00 to be reasonable); *Bridget C. v. Kijakazi*, No. 2:22-cv-01978-BNW, 2025 WL 3227467, at *2 (D. Nev. Nov. 17, 2025) (finding an effective hourly rate of $1,338.15 to be reasonable despite being on the higher end of awards typically granted); *Kim v. Kijakazi*, No. 2:23-cv-00164-EJY, 2025 WL 2896274, at *1 (D. Nev. Oct. 09, 2025) (finding an hourly rate of $1,039.35 for attorney time and an hourly rate of $258.00 for paralegal time to be reasonable); *Rubio v. Bisignano*, No. 3:23-cv-00399-CSD, 2025 WL 2659830, at *2 (D. Nev. Sept. 17, 2025) (finding an effective hourly rate of $797.87 to be reasonable); *Montoya v. Dudek*, No. 2:16-cv-00454-RFB-NJK, 2025 WL 1939110, at *2 (D. Nev. July 14, 2025) (finding attorney fees of $19,000.00 to be reasonable for 17.6 hours of time spent on the case (or an effective hourly rate of $1,079.55)). Hence, the great weight of authority from this District suggests that the effective hourly rate of $2,297.00 is unreasonable.

Kalagian does not address this apparent departure from the average effective hourly rate which has been previously approved in the District of Nevada. (*See* ECF No.

16 at 9-10.) Rather, Kalagian uses *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002), to justify the reasonableness of attorney's fees in this case. However, *Vizcaino* is distinguishable from the instant case for multiple reasons. First, *Vizcaino* involved a settlement of a class action case for employee benefits for $96.885 million, and the court in that case justified the amount of fees based on a review of cases that settled for more than $53 million. *Id.* at 1052-54. Thus, *Vizcaino* is a case involving complex litigation involving multiple parties and issues. Additionally, the *Vizcaino* court noted "fee applications must be closely scrutinized . . . in determining a reasonable fee in light of the relevant circumstances of the case." *Id.* By contrast, this case involves an individual seeking review of the denial of Social Security benefits with an award of past due benefits in the amount of $80,920.00. (ECF No. 16.) Thus, *Vizcaino* not only involved an entirely different substantive legal issues, but the award amount constituted roughly 0.08% of the total settlement amount in *Vizcaino*. (*See id.*) *Vizcaino* does not apply here.

For the reasons discussed above, Kalagian has not met his burden of establishing that the fee sought in this case is reasonable. *Crawford*, 586 F.3d at 1148 ("The attorney bears the burden of establishing that the fee sought is reasonable.") The request is approaching the 25% maximum recovery and, with only 7.4 hours of work identified, would result in an excessive effective hourly rate of $2,297.00.

With that said, the Court must now determine what a reasonable fee would be under these circumstances. In balancing the risk assumed by counsel and the primacy of the contingency agreement with the duty to prevent windfalls, the Court finds that the circumstances of this case render it reasonable and fair to provide fees based on an effective hourly rate of $1,200.00. *See Allan*, 2026 WL 1361585, at *2 (finding $11,524.00 in attorney's fees for 6.34 hours of work would result in a windfall, thus reducing the amount in fees awarded to $7,000.00 (or an effective hourly rate of $1,104)); *see also Dina S.*, 822 F.Supp.3d at 1133-1134 (finding an effective hourly rate of $1,768.00 for 19.8 hours worked would result in a windfall and instead reducing the effective hourly rate to $1,200.00). The effective hourly rate of $1,200.00 does not result in a windfall but still

preserves the benefit of the contingency fee agreement and accounts for the risk of non-payment in representing Jacobs in this court. Applying the $1,200.00 effective hourly rate to the 7.4 hours of attorney time documented equates to a fee award of $8,800.00, or 9.2% of the past benefits awarded.

Therefore, Kalagian's motion for § 406(b) fees is granted in part and denied in part, as the Court finds that Kalagian is only entitled to $8,800.00 in fees. Kalagian must also refund to Jacobs the $1,600.00 previously received pursuant to the EAJA.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Kalagian's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), (ECF No. 16), is **DENIED IN PART** and **GRANTED IN PART** as follows:

- Kalagian's motion is **DENIED** to the extent Kalagian requests fees in the amount of $17,000.00.
- Kalagian's motion is **GRANTED** to the extent that the amount of $8,800.00 be paid to Kalagian and the Law Firm of Lawrence D. Rohlfing for attorney's fees.

**IT IS FURTHER ORDERED** that attorney Kalagian and the Law Firm Lawrence D. Rohlfing shall refund Jacobs $1,600.00, the amount previously received for attorneys' fees pursuant to EAJA in this case.

**DATED**: July 16, 2026.

**UNITED STATES MAGISTRATE JUDGE**